No. 10,344.

## THORNTON v. BURR.

PLEADING.—*Written Agreement.*—*Breach.*—*Demurrer.*—A complaint, count-ing upon a written agreement, but not alleging any breach of the agree-ment by the defendant, and showing that the agreement was incapable of execution by any of the parties, is bad on demurrer for the want of sufficient facts.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown*, for appellant.

HOWK, J.—This was a suit by the appellee against the ap-pellant, in a complaint of two paragraphs. In the first para-graph the appellee alleged, in substance, that on the 10th day of June, 1879, he and the appellant, and one Needham San-ders, entered into a written agreement, in substance, as fol-lows: "Whereas, the undersigned, in pursuance of an agree-ment entered into between us, on the 3d day of August, 1871, purchased and caused to be assigned to us the following judg-ments and decrees against the Northwestern Turnpike Com-pany, viz.:" (Description omitted.) "All of which were ren-dered in the common pleas court of Henry county, on the 28th day of April, 1870, and assigned to the said Burr and Thornton on the 6th day of March, 1872; and that prior to and since the execution of said agreement, and embraced in the terms thereof, we have purchased and had assigned to us the following judgments against said company, to wit:" (De-scription omitted), "and some additional claims, all of which will fully appear upon the order-books of said Henry Com-mon Pleas Court: Now it is hereby agreed between us, that the above named judgments in favor of William Grose and Christian Ehmen have been fully paid to us by said turnpike company; that there have been paid to us on the John Ehmen judgment certain named amounts on certain named dates; and that there have been paid on the judgment in favor of Francis Thornton certain specified sums at certain named dates.

"It is further agreed between us, as to the amounts advanced by us, under the agreement above mentioned, that James N. Thornton has advanced the sum of $1,050, Lycurgus L. Burr has advanced $650, and Needham Sanders $500; and that, upon sale by the sheriff, on execution of said judgments and decrees against the company, whatever amount is realized from such sale, after payment of the costs thereof, shall be applied *pro rata* to the payment of said claims on that basis, and if there shall be realized from said sale more than enough to pay said sums (amounting in all to $2,200), the remainder shall be applied to the remainder of the indebtedness due said Burr and Sanders from said company; that it is further expressly understood and agreed, that said sum of $1,-050, shall be taken to be a full and final settlement of all claims, dues and demands held by said Thornton against said Sanders, Burr and the Northwestern Turnpike Company, or either of them, or by them, or either of them, against him; and it is further agreed, that the execution now in the hands of the sheriff shall be returned, and another execution, for the joint benefit of said Burr, Thornton and Sanders, shall be issued, and that the costs of the suit now pending for injunction in the Henry Circuit Court shall be paid out of the proceeds of the sale on execution, and said suit is to be dismissed in accordance with this agreement."

After setting out such written agreement, the appellee further alleged in the first paragraph of his complaint that the appellant had not kept and performed said agreement, but had violated and broken the same, in this, that, after the execution of said agreement, the parties, Thornton, Sanders and Burr (said execution having been returned to the clerk's office), applied to the Henry Circuit Court for leave to have another execution issued for their joint benefit as agreed upon, which leave was denied by the court, and thereupon they brought suit, at the November term, 1881, of said court, claiming and asking to be subrogated to the rights of certain named mortgagees in a certain mortgage, executed by the

Northwestern Turnpike Company, to secure certain debts of such company, which were the same debts set forth in said agreement, which the said Burr, Thornton and Sanders had paid, and demanding the foreclosure of said mortgage against said turnpike company and the sale of the mortgaged property, which said suit was brought and prosecuted by them jointly, in lieu of having said joint execution issued; that such proceedings were had in said suit as resulted in a judgment, on January 4th, 1882, in favor of said Sanders for $569.45, and in favor of appellant for $797.72, and a decree foreclosing such mortgage against said company; that an execution was duly issued on such judgment and decree to the sheriff of Henry county, and the property of said company was advertised and sold, on February 4th, 1882, to the appellee for $1,-486, being the amount of said judgments, interest and costs; that appellee paid the amount of his bid to the sheriff, except the amount due said Sanders, who receipted the execution in full of his portion of said judgment and decree, upon payment to him of his *pro rata* share thereof under said agreement; that the appellant had received the full amount of said judgment and interest due him, and wholly failed and refused to pay or account to appellee for his portion thereof; and that, under said agreement, the *pro rata* share of each of the said parties, in the amount bid, would be as follows: Appellee, $403; appellant, $651; and Sanders, $310. Wherefore appellee demanded judgment against appellant for $200, and other proper relief.

In the second paragraph of his complaint, the appellee alleged that on February 4th, 1882, appellant was, and then was indebted to appellee in the sum of $200, upon an account for money had and received for appellee's use from the Northwestern Turnpike Company, on sale by the sheriff of Henry county of said company's property on execution, etc. Wherefore, etc.

Appellant's demurrer to each paragraph of the complaint having been overruled, he then answered by a general denial.

Thornton *v.* Burr.

The issues joined were tried by the court, and a finding was made for appellee in the sum of $198.57; and, over appellant's motion for a new trial, judgment was rendered on the finding.

In this court appellant has assigned as errors the decisions of the circuit court in overruling his demurrer to each paragraph of the complaint, and in overruling his motion for a new trial.

We regret that the appellee's learned counsel have not favored this court with a brief or argument in support of the rulings of the trial court, especially so, because, as it seems to us, the judgment below can not be sustained. In such a case, it is hardly fair, either to the trial court or to this court, for the successful party below to abandon his cause on appeal, and allow this court to find out, if it can, the grounds upon which he recovered his judgment. We are of opinion that the first paragraph of appellee's complaint did not state facts sufficient to constitute a cause of action in his favor and against the appellant. We have given a full summary of the facts alleged by appellee in this first paragraph, as constituting his supposed cause of action. It counts upon a written agreement between the appellee, the appellant, and a third person, but it avers no breach of this agreement on the part of appellant. It shows that the agreement was not kept or performed by any of the parties thereto; but it does not show that the non-performance of the agreement was caused, in any manner, by the fault of the appellant. It goes further, we think, and shows beyond a peradventure that the agreement in question was incapable of execution by any or all of the parties thereto, by the appellee as well as the appellant; and that, although all the parties joined in an attempt to carry out the agreement, yet they failed in this attempt without any apparent fault on the part of the appellant.

The first paragraph of the complaint goes still further, we think, and shows clearly and conclusively, as we read its averments, that the appellee had no claim whatever, either

legal or equitable, upon any part of the proceeds of the sub-
sequent sale of the Northwestern Turnpike.   When the par-
ties ascertained that their written agreement could not be ex-
ecuted according to its terms, it is shown by the complaint
that they all joined in a suit to enforce their respective claims
against the turnpike company.  In this suit the appellee failed
to recover any sum whatever, while the appellant and San-
ders each recovered judgment for their respective claims,
substantially as recited in the written agreement.   Execution
was issued on this judgment in favor of the appellant and
Sanders, and the turnpike was sold  thereunder for the
amounts due them respectively, and costs.   These facts are
stated, in substance, in the first paragraph of the complaint,
and they show very clearly, as it seems to us, that the appel-
lee has no cause of action against the appellant for any part
of the proceeds of the sale of the turnpike.  The court erred,
we think, in overruling the demurrer to the first paragraph
of complaint.  We need not, therefore, consider or decide any
question arising under the alleged error of the court in over-
ruling the motion for a new trial.

The judgment is reversed with costs, and cause remanded,
with instructions to sustain the demurrer to the first paragraph
of complaint.